Curia, per

Earle, J.
To entitle the defendant to an abatement from the amount of his note, he should make out a valid, subsisting, outstanding, paramount title in another. It requires very little consideration to perceive, and very little argument to demonstrate, that the agreement of the plaintiff, with the Rail Road Company, forms no such outstanding *118 title. In the first place, it was no conveyance transferring title by which any interest vested in the Company; but only an executory agreement to convey; and, as it has not been executed by deed, the conveyance of the plaintiff to Perdue, and of Perdue to the defendant, vests the absolute unincum-bered fee in the defendant. Had the agreement been a deed of conveyance formally executed in 1830, but not recorded, the subsequent conveyance to Perdue and to the defendant without notice, would be valid. If the defendant purchased with knowledge of the agreement, he cannot be allowed to set it up as a defence in this action, whatever effect it may have, but must be left to rely on the warranty contained in his deed-
The terms of the instrument, however, do not seem to import a covenant for the conveyance of the fee, nor indeed, of any interest in the soil. So far as regards the 50 feet in width, if so much be deemed necessary, it seems only intended to secure the Company a right of way, a space upon which to build the road, and for the purpose of the road. It seems only to have been an easemeni; and as the road was in the act of being constructed there at the time of the defendant’s purchase and the conveyance from Perdue, he purchased with a knowledge of the privilege enjoyed by the Company. So far as regards the space of 100 feet, it is perfectly obvious that the only purpose of the intended grant was to protect the road from standing trees on either side-The ground here was already open, and, as the defendant built his house partly within the hundred feet, after his purchase, and in the face of the Company, who interposed no objection; whatever might be the nature or effect of the agreement, they could not now disturb the defendant’s possession. In addition to all this, the defendant has ever been, and now is, in the quiet enjoyment of the entire premises, without molestation or disturbance. There is therefore, no ground, either by Law or Equity, on which his defence can stand. The postea was properly ordered to be delivered to the plaintiff
Bellinger for the motion; - Patterson, contra.
Motion dismissed;
the whole Court concurring.